**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4122**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PERCY LEROY JACOBS, a/k/a Percy El Jacobs, a/k/a Percy Jacobs El, a/k/a Minister Percy El Jacobs,

        Defendant - Appellant,

———————

**No. 23-4123**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SANDRA DENISE CURL, a/k/a Sandra Curl Jacobs, a/k/a Sandra Curl-Jacobs El, a/k/a Minister Sandra El,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:19-cr-00444-GJH-2; 8:19-cr-00444-GJH-1)

———————

Submitted:  December 15, 2023                    Decided:  April 23, 2024

---

Before WILKINSON, KING, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Brent Evan Newton, Gaithersburg, Maryland; Marc G. Hall, Greenbelt, Maryland, for Appellants.  David A. Hubbert, Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Katie Bagley, Joseph B. Syverson, Hannah Cook, DEPARTMENT OF JUSTICE, Washington, D.C.; Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Percy Leroy Jacobs and Sandra Denise Curl[1] (collectively, "Appellants"), appeal their convictions following a jury trial for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; multiple counts of aiding and assisting the preparation of a false return, in violation of 26 U.S.C. § 7206(2); and aiding and abetting theft of government property, in violation of 18 U.S.C. §§ 2, 641. The district court sentenced them each to 30 months' imprisonment. On appeal, Appellants contend that the district court (1) erred by granting their requests to waive their right to counsel, and (2) violated the Speedy Trial Act, 18 U.S.C. § 3161. Finding no error, we affirm.

Beginning with Appellants' waiver of their right to counsel, "[t]he Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment."[2] *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015). But it also guarantees a defendant's right to self-representation. *Faretta v. California*, 422 U.S. 806, 821 (1975). Thus, a defendant may relinquish the right to counsel upon a valid waiver. A waiver of the right to counsel is valid if it is "(1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021) (internal quotation marks omitted).

---

[1] Curl also used the name Sandra Kenan during the underlying proceedings.

[2] The parties dispute the standard of review applicable to these claims. We need not resolve this issue because Appellants' arguments fail under their requested standard of de novo review.

"The Supreme Court has not prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *United States v. Roof*, 10 F.4th 314, 359 (4th Cir. 2021) (internal quotation marks omitted). And a court need not conduct a "searching or formal inquiry" for a waiver of the right to counsel to be valid. *Ductan*, 800 F.3d at 649 (internal quotation marks omitted). In other words, "no particular form of interrogation is required" for a valid waiver. *Ziegler*, 1 F.4th at 229 (internal quotation marks omitted).

Accordingly, a district court must simply "assure itself that the defendant knows the charges against him, the possible punishment and the manner in which an attorney can be of assistance, as well as the dangers and disadvantages of self-representation," *Roof*, 10 F.4th at 359 (cleaned up), such that the defendant "knows what he is doing and his choice is made with his eyes open," *Ziegler*, 1 F.4th at 229 (cleaned up). The district court does this "by examining the record as a whole and evaluating the complete profile of the defendant and the circumstances of his decision as known to the . . . court at the time." *Roof*, 10 F.4th at 359 (internal quotation marks omitted).

Here, the district court had the Government review the charges against Appellants and the maximum potential penalties, which Appellants confirmed they understood. The court warned Appellants of the risks of proceeding pro se and advised them that it would be in their best interests to continue being represented by counsel. And it confirmed Appellants were freely and voluntarily choosing to relieve counsel and proceed pro se. The colloquies satisfied the district court's obligation to ensure Appellants' waivers of their

right to counsel were knowing, intelligent, and voluntary. On the facts of these cases, no more searching inquiry was required.

"We review a district court's decision to exclude time under the Speedy Trial Act de novo and its factual findings for clear error." *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023). "The Speedy Trial Act requires that a criminal defendant's trial commence within seventy days from the filing date of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id.* (cleaned up). However, it also "specifies various periods of delay that are excluded from the speedy trial clock." *Id.* As relevant here, such excludable delay includes any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). The filing of a pretrial motion "stops the speedy trial clock from running automatically." *United States v. Tinklenberg*, 563 U.S. 647, 653 (2011).

The parties agree that Appellants' speedy trial clock commenced on November 25, 2019. And Appellants concede that the district court properly tolled all time from March 31, 2020, through the start of their trial. Accordingly, the relevant period for this appeal covers the 127 days from November 25, 2019, to March 30, 2020. Our review of the record reveals that all but 11 days of this period were tolled by Curl's December 6, 2019, motion for a *Faretta* hearing. Contrary to Appellants' contentions on appeal, this filing was a motion within the meaning of § 3161(h)(1)(D). The motion said Curl wished to waive her right to counsel and specifically requested a *Faretta* hearing, and the district court

5

ultimately granted that request and held a hearing.  That hearing was necessary for the district court's resolution of the motion, as the court could not permit Curl to waive her right to counsel without first holding the requested hearing.  The filing of this motion thus automatically tolled the speedy trial clock from December 6 through the date of that hearing, which was held after the period Appellants challenge in this appeal.  *See United States v. Henderson*, 476 U.S. 321, 326-30 (1986); *see also United States v. Harris*, 491 F.3d 440, 445 (D.C. Cir. 2007); *United States v. Bush*, 404 F.3d 263, 274 (4th Cir. 2005).

We therefore affirm the criminal judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*