# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

## (Greenbelt Division)

UNITED STATES OF AMERICA,

Plaintiff,



v. )

Criminal No. 8:19-cr-00444-GJH 1&2

SANDRA DENISE CURL

and

PERCY EL JACOBS,

Defendants.

## DEFENDANTS' MOTION FOR RELIEF UNDER RULE 60(b)(4), 60(b)(6), AND 60(d)(3)

COME NOW Defendants Sandra Denise Curl and Percy El Jacobs, pro se, and respectfully move this Court for relief from judgment under Rule 60(b)(4) (void judgment), Rule 60(b)(6) (extraordinary circumstances), and Rule 60(d)(3) (fraud on the court). The record from 2016–2026 demonstrates a continuous pattern of constitutional violations, structural defects, withheld evidence, misrepresentations, and jurisdictional failures that render the judgment legally void and fundamentally incompatible with due process.

Accordingly, Defendants respectfully request that this Court:

1. Vacate the judgment,

2. Vacate the sentence,

3. Dismiss the indictment, and

4. Grant such other and further relief as justice requires.

## SUMMARY FOR RULE 60 —

## SYSTEMIC FAILURE & STRUCTURAL BREAKDOWN

## OVERVIEW

This case does not present a single legal error, nor a routine postconviction dispute. It presents a systemic breakdown that spanned every stage of the criminal process — investigation, indictment, discovery, trial, sentencing, appeal, and post sentencing access to the courts. The cumulative record demonstrates a pattern of withheld evidence, misrepresentations, structural defects, and constitutional violations that no court ever addressed on the merits, despite the Defendants preserving every objection on the record.

The misconduct was not isolated. It was institutional, involving:

- IRSCI agents
- multiple Assistant U.S. Attorneys
- the U.S. Attorney who signed the indictment
- standby counsel
- appellate counsel
- the District Court's own procedural errors

At each stage, the failures compounded, creating a process so distorted that the resulting judgment cannot be considered reliable, lawful, or constitutionally valid.

## A. Investigative Misconduct and Withheld Evidence

The case began with a defective 2016 search:

- warrant attachments missing
- probable cause narrative absent
- inconsistent case numbers
- IRSCI withholding Defendants' own documents for six years
- uncertified IRS records used as evidence
- evidence returned only after sentencing

These defects were concealed until after conviction, preventing any meaningful challenge.

**Equally significant, none of the items seized during the 2016 search were used at the 2022 trial.** Although agents removed computers, documents, and personal records, the government relied almost exclusively on **emails, charts, summaries, and agent-created narratives**—not the physical evidence taken from Defendants' home and business. The government's complete avoidance of the seized materials demonstrates that the evidence was **tainted by the defective warrant**, legally unusable, exculpatory, or inconsistent with the prosecution's theory. The seized items were withheld for six years, never produced in certified form, and returned only after sentencing. This pattern confirms that the government knowingly relied on a constitutionally defective search while concealing the fact that the seized evidence could not withstand judicial scrutiny.

## B. Grand Jury and Charging Defects

The indictment was signed by the U.S. Attorney despite:

- missing warrant materials
- uncertified IRS documents
- withheld exculpatory evidence
- misuse of grand jury secrecy
- failure to disclose materials necessary to challenge the indictment

The government opposed disclosure of grand jury materials even after the indictment was unsealed, blocking Defendants from identifying defects that would have supported dismissal.

## C. Speedy Trial Act and Sixth Amendment Violations

The government repeatedly tolled the Speedy Trial clock based on delays caused by its own failure to produce evidence. Defendants objected each time.

The Court denied the objections without statutory basis.

The cumulative delays — including sealed indictment time, discovery failures, and the six-year delay in IRS certification — violated both the Speedy Trial Act and the Sixth Amendment.

## D. Structural Errors at Trial

During voir dire, masked jurors were questioned individually and removed immediately, preventing Defendants from:

- observing demeanor

- comparing jurors
- exercising informed strikes

This impaired the core function of jury selection and constitutes structural error.

## E. Misidentification of Counsel and Denial of Access to the Courts

After sentencing, the District Court misidentified appellate counsel as full counsel of record, blocking Defendants from filing:

- motions
- medical documentation
- requests related to reporting to prison
- Supreme Court filings

Appellate counsel refused to file required motions, refused to withdraw, and obstructed access to the Supreme Court — violating Supreme Court Rule 9 and Defendants' constitutional right to access the courts.

## F. Selective Prosecution and Government Misrepresentation

The government admitted:

- the scheme promoter was the mastermind
- Defendants relied on the promoter's advice
- the IRS knowingly paid illegal refunds
- the IRS failed to stop the promoter
- the promoter received a plea deal

Yet the government prosecuted the victims while concealing its own failures.

This violates DOJ charging policy (Justice Manual § 9-27.260), due process, and equal protection.

## G. Selective Plea Treatment and Disclosure of Thy Nief Muhammad's Plea Agreement

The government offered a plea agreement to Thy Nief Muhammad, a tax preparer whose conduct was part of the same alleged scheme. Mr. Muhammad accepted the government's offer and received a sentence of 15 months. During Defendants' trial, the government disclosed and unsealed Mr. Muhammad's plea agreement and cooperation materials.

However, despite this disclosure, the government never offered any plea agreement to Defendants Curl or Jacobs at any stage of the proceedings. This disparate treatment is constitutionally significant. When similarly situated individuals receive materially different prosecutorial outcomes without a legitimate, articulable basis, the result is selective prosecution, arbitrary charging, and a violation of equal protection principles. See *Wayte v. United States*, 470 U.S. 598 (1985).

The government's decision to extend leniency to Mr. Muhammad and others while denying any plea opportunity to Defendants—despite comparable or lesser alleged conduct—demonstrates an arbitrary and discriminatory charging decision. The selective plea treatment also underscores the broader pattern of unequal application of prosecutorial discretion, which contributed to the structural defects that render the judgment void under Rule 60(b)(4), extraordinary under Rule 60(b)(6), and fraudulent under Rule 60(d)(3).

## H. Fraud on the Court

The cumulative pattern — withheld evidence, misrepresentations, defective warrants, misuse of grand jury secrecy, improper tolling, structural errors, and obstruction of appellate access — constitutes fraud on the court under Rule 60(d)(3).

Fraud on the court has no time limit and voids the judgment automatically.

**The government's refusal to use the 2016 seized evidence at trial—despite relying on it to obtain the search warrant—further demonstrates fraud on the court.** Evidence obtained through a defective warrant, withheld for six years, and never introduced at trial cannot support a lawful conviction. The government's reliance instead on emails, charts, and narrative summaries reveals that the seized materials were either **exculpatory, inconsistent with the prosecution's theory,** or **tainted by the unconstitutional search**, and were therefore strategically avoided. This selective concealment and misrepresentation constitutes fraud on the court under Rule 60(d)(3).

## I. Ongoing Custody and Continuing Constitutional Injury

Defendants remain under supervised probation, which constitutes ongoing custody and continuing collateral consequences.

The constitutional violations are not academic; they impose daily restrictions on liberty, reputation, employment, and civil rights.

## CONCLUSION

Viewed in isolation, any one of these defects would warrant relief.

Viewed together, they reveal a systemic collapse of the constitutional safeguards that define a fair criminal process.

The record from 2016–2026 demonstrates a continuous pattern of constitutional violations, structural defects, withheld evidence, misrepresentations, and jurisdictional failures that render the judgment void under Rule 60(b)(4), extraordinary under Rule 60(b)(6), and the product of fraud on the court under Rule 60(d)(3). Defendants respectfully request that this Court vacate the judgment, vacate the sentence, dismiss the indictment, and grant all further relief necessary to restore the integrity of the proceedings.

Defendants further request that the Court rely on the existing docket—including all filings, transcripts, attachments, and exhibits already in the Court's possession—as the primary evidentiary foundation for this Motion. The docket itself contains the preserved objections, procedural history, and government admissions necessary for resolution.

Should the Court require additional documentation, Defendants stand ready to provide supplemental materials, including email correspondence and other records, upon request.

The judgment is void under Rule 60(b)(4), extraordinary circumstances justify relief under Rule 60(b)(6), and the record establishes fraud on the court under Rule 60(d)(3).

Relief is necessary to restore the integrity of the judicial process.

Respectfully,

Sandra C. Kenan
Formally known as Sandra Denise Curl
9816 Pollie Little Lane
Charlotte, North Carolina 28214
(704) 649-7838
sandradcurl@gmail.com

Percy El Jacobs
1650 Dares Beach Road
Prince Frederick, Maryland 20678
(202) 706-9551
percyjcbs@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of **February 2026**, I caused a true and correct copy of the following documents to be served on the United States Attorney's Office for the District of Maryland:

- **Defendants' Motion for Relief From Judgment Under Rule 60(b)(4), 60(b)(6), and 60(d)(3)**
- **Exhibit A — Timeline of Material Events (2016–2026)**
- **Exhibit B — Actors Summary and Roles in the Case (2016–2026)**
- **Exhibit C- Actors Summary and Misconduct Pattern**


- **All additional exhibits and attachments filed contemporaneously herewith**

**Office of the United States Attorney**
**District of Maryland**
**36 S. Charles Street, 4th Floor**
**Baltimore, MD 21201**

and

**Greenbelt Division**
**6500 Cherrywood Lane**
**Greenbelt, MD 20770**

**Respectfully submitted,**

**Sandra C. Kenan**
**9816 Pollie Little Lane**
**Charlotte, NC 28214**

**Percy El Jacobs**
**1650 Dares Beach Road**
**Prince Frederick, MD 20678**