## PREFATORY OVERVIEW

### *United States vs. Curl & Jacobs*

This motion arises from a systemic breakdown that spanned every stage of the criminal process — investigation, indictment, discovery, trial, sentencing, appeal, and post sentencing access to the courts. The record demonstrates a cumulative pattern of withheld evidence, misrepresentations, structural defects, and constitutional violations that no court has ever addressed on the merits, despite the Defendants preserving every objection on the record.

The misconduct was not isolated. It involved multiple federal actors, including IRSCI agents, several Assistant United States Attorneys, the United States Attorney who signed the indictment, standby counsel, appellate counsel, and the District Court's own procedural errors. At each stage, the failures compounded, creating a process so distorted that the resulting judgment cannot be considered reliable, lawful, or constitutionally valid.

The defects include, but are not limited to:

(1) missing warrant attachments and uncertified IRS documents withheld for six years;
(2) misuse of grand jury secrecy and a defective indictment;
(3) repeated Speedy Trial Act violations caused by the government's own delays;
(4) structural errors during voir dire;
(5) misidentification of counsel and obstruction of access to the courts;
(6) selective prosecution and misrepresentation of material facts; and
(7) the government's failure to disclose exculpatory evidence.
(8) The government offered a plea to Thy Nief Muhammad—unsealed during our trial—but never offered any plea to Curl or Jacobs, despite similar or lesser alleged conduct. This selective treatment is arbitrary, discriminatory, and constitutionally impermissible.

Viewed individually, any one of these violations would warrant relief. Viewed collectively, they reveal a collapse of the constitutional safeguards that define a fair criminal process. The judgment is void under Rule 60(b)(4), extraordinary

circumstances justify relief under Rule 60(b)(6), and the record establishes fraud on the court under Rule 60(d)(3). Relief is necessary to restore the integrity of the judicial process.