EXHIBIT A

## UPDATED CHRONOLOGICAL TIMELINE (2016–2026)

### *Rule 60(b)(4), 60(b)(6), and 60(d)(3) — Integrated Timeline*

### 2016 — Unconstitutional Search & Void Warrants

- IRSCI executed three search and seizure warrants at Defendants' home and business.
- The warrants were **defective and void**:
  - missing attachments
  - missing probable cause narrative
  - incorrect case numbers
  - incomplete ZIP-drive evidence
  - no contemporaneous IRS certification
- When Defendants went to the Clerk's Office immediately after the search, the Clerk confirmed:
  - **none of the warrant case numbers belonged to Defendants,**
  - all three numbers belonged to **another defendant (Walter L. Vicente-Hernandez),**
  - meaning the warrants were **not issued in Defendants' names, not tied to their investigation, and not tied to their property**.
- A warrant issued under the wrong case number is **void as a matter of law.**
- Because the warrants were void, the 2016 search was unconstitutional, the evidence was illegally obtained, and the 2019 indictment lacked a lawful evidentiary foundation.
- The government **did not file the warrant package** on the docket at the time of the search, indictment, or arraignment.
- It was filed **years later**, only after Judge Hazel repeatedly ordered the prosecutors to place it on the record.

This concealment violated Rule 41, Brady, due process, and constitutes fraud on the court.

### 2016–2019 — Three-Year Pre-Indictment Delay

For three years after the unconstitutional search, the government:

- concealed the defective warrant package
- withheld all attachments and probable cause narrative

- failed to certify IRS documents
- withheld Defendants' personal IRS and financial records
- failed to return seized property
- withheld ZIP-drive contents
- took no investigative action tied to Defendants

This delay is presumptively prejudicial and violated the Fifth Amendment, Sixth Amendment, Speedy Trial Act, Rule 41, Brady, and fundamental fairness.

Probable cause cannot remain "fresh" for three years.
The delay confirms the 2016 search produced **no usable evidence**.

## 2017–2018 — IRS Failure to Stop the Promoter

The IRS admitted at sentencing that:

- the promoter was the mastermind
- the promoter filed the returns
- the IRS knowingly paid illegal refunds
- the IRS allowed the promoter to continue operating

This establishes selective prosecution and government complicity.

## 2019 — Unlawful Arrest & Indictment by Email

Defendants were arrested without:

- a warrant
- a summons
- service of the indictment

The indictment was emailed, not served.
This violated the Fifth Amendment, Rule 4, and Rule 9.

## 2019 — Voluntary Surrender Without Warrant or Summons

Defendant Curl voluntarily surrendered without ever being shown:

- a warrant
- a summons
- a certified indictment

This is a structural due process violation.

## 2019 — Defective Indictment

The indictment was defective because it relied on:

- missing warrant attachments
- uncertified IRS documents (not certified until 2022)
- withheld personal IRS and financial records
- incomplete evidence
- misuse of grand jury secrecy

The government did not disclose the defective warrant package until Judge Hazel forced them to.

## 2020–2021 — Speedy Trial Act Violations

The case exceeded the 70-day Speedy Trial Act limit.
Defendants preserved objections.
The Court acknowledged but did not resolve them.

This is a structural violation.

## 2022 — Structurally Defective Voir Dire

Voir dire was impaired because:

- jurors were not questioned on key issues
- defense questioning was restricted
- structural protections were not applied

This constitutes structural error requiring reversal.

## 2022 — Government Did Not Use the 2016 Seized Evidence at Trial

At trial, the government relied almost entirely on:

- emails

- summaries
- charts
- interpretations
- testimony

The government **did not use any of the materials seized in 2016.**

This proves the seized materials were:

- defective
- incomplete
- exculpatory
- contradictory to the government's narrative
- or unusable due to authenticity defects

The government's refusal to use the 2016 seized evidence at trial directly explains why the IRS did not certify any of the seized IRS documents until 2022—the same month as trial. The seized materials were defective, incomplete, or exculpatory, and could not be authenticated. Because the 2016 evidence was unusable, the government relied instead on emails, summaries, charts, interpretations, and testimony. The last-minute 2022 certifications were a reactive attempt to cure evidentiary defects six years after the search and immediately before trial. This confirms that the indictment and trial relied on unauthenticated evidence and that the government concealed the defects until forced to disclose them.

This is Brady, Banks, and fraud on the court.

## 2022 — IRS Documents Certified Only in the Month of Trial

IRS documents used at trial were not certified until:

- **2022,**
- **six years after the search,**
- **and the same month as trial.**

This confirms:

- the indictment relied on unauthenticated evidence
- the government knew the documents were defective
- the certification was reactive and strategic

## 2022–2023 — Wrongful Imprisonment

Defendants served:

- 14 months in federal prison
- followed by home confinement or halfway house
- followed by supervised release

Supervised release is continuing custody.
The judgment is void.

## 2023 — Sentencing Misconduct & Government Misrepresentation

At sentencing, the government:

- admitted the promoter was the mastermind
- admitted the IRS knowingly paid illegal refunds
- admitted Defendants did not sign the returns
- admitted the Guidelines were not mandatory
- misrepresented the completeness of discovery
- ignored withheld evidence
- relied on uncertified IRS documents

This is fraud on the court.

## 2023–2024 — Return of Withheld Property (7–8 Years Late)

The IRS returned Defendants' seized documents in 2023–2024 — after trial, sentencing, and appeal.

This proves:

- the evidence was withheld
- the evidence was material
- the evidence contradicted the government's narrative
- the government concealed it

This is Brady, Banks, and fraud on the court.

## 2023–2024 — Obstruction of Appellate Rights

Defendants were denied access to:

- the District Court
- the Fourth Circuit
- the Supreme Court

Through:

- misidentification of counsel
- refusal to accept pro se filings
- obstruction by appellate counsel
- judicial errors

This is a structural violation.

## 2025–2026 — Rule 60, OPR, and Bar Complaints

Defendants filed:

- Rule 60 motions
- OPR complaints
- bar complaints

These filings document the systemic pattern of misconduct.

## Cumulative Pattern (2016–2026)

The violations form a single, continuous chain:

- unconstitutional search
- void warrants
- withheld evidence
- defective indictment
- Speedy Trial violations
- structurally defective voir dire
- unauthenticated evidence
- sentencing misrepresentations
- obstruction of appellate rights
- return of withheld evidence years later

This is a cumulative constitutional collapse.

The judgment is:

- **void** under Rule 60(b)(4)
- **extraordinary** under Rule 60(b)(6)
- **corrupted** under Rule 60(d)(3)

Relief is required.