**EXHIBIT B**

## IDENTIFICATION OF ALL ACTORS AND THEIR ROLES IN THE MISCONDUCT PATTERN (2016–2026)

### I. FEDERAL PROSECUTORS (DOJ)

**1. Jeffrey A. McLellan — Lead Prosecutor (2016–2026)**

McLellan directed the prosecution from the unconstitutional 2016 search through trial, sentencing, and post-conviction litigation. His actions include:

- Proceeding on **void 2016 warrants** issued under another defendant's case numbers.
- Concealing missing attachments and the missing probable cause narrative.
- Withholding Defendants' IRS and financial records for **7–8 years**.
- Relying on **uncertified IRS documents** until 2022.
- Opposing Speedy Trial objections despite government-caused delays.
- Proceeding with an indictment issued after a **three-year pre-indictment delay**.
- Relying on emails, summaries, and charts at trial because the **2016 seized evidence was defective, exculpatory, or unusable**.
- Failing to correct known defects in the record.
- Allowing an IRS agent to execute an unlawful arrest and custody transfer.

**Selective Plea Treatment:**

During trial, the government disclosed and unsealed the plea agreement of Thy Nief Muhammad, a similarly situated tax preparer who received a negotiated

15-month sentence. Despite this, McLellan never offered any plea agreement to Defendants Curl or Jacobs at any stage. This disparity reflects arbitrary and unequal prosecutorial discretion and forms part of the structural defects in this case.

## 2. Mac Marshall — Early-Stage Prosecutor (2016–2019)

Marshall participated in early evidence handling and pre-indictment decisions. His actions include:

- Failing to correct missing warrant attachments.
- Failing to ensure IRS documents were certified.
- Participating in the concealment of the defective 2016 warrant package.
- Allowing the case to proceed despite a **three-year pre-indictment delay**.
- Failing to disclose exculpatory material.

## 3. Robert K. Hur — U.S. Attorney Who Signed the Indictment (2019)

Hur's signature on the indictment carries legal responsibility for ensuring:

- The indictment was supported by lawful evidence.
- The grand jury process was valid.
- Warrant materials were complete.
- Brady and Rule 16 obligations were met.

He approved an indictment based on:

- **void warrants**,
- missing attachments,
- uncertified IRS documents,

- withheld evidence, and

- a three-year pre-indictment delay.

## 4. Abigail Burger Chingos — Early Filings and Discovery (2016–2018)

Chingos participated in early filings and discovery. Her actions include:

- Failing to disclose missing attachments.
- Failing to correct uncertified IRS documents.
- Participating in early evidence concealment.
- Failing to ensure proper evidence handling.

### Selective Plea Treatment:

Although the government later disclosed and unsealed Thy Nief Muhammad's plea agreement during trial, the charging posture and plea strategy were shaped during the early-stage period in which Chingos participated. Mr. Muhammad—whose conduct was part of the same alleged scheme—received a negotiated 15-month sentence after being offered a plea. No plea was ever offered to Defendants Curl or Jacobs. This disparity contributes to the pattern of unequal prosecutorial treatment.

## 5. Gary Michael Morgan Jr. — Early-Stage and Trial-Stage Prosecutor (2016–2022)

Morgan played a significant role both before and during trial.

### Early-Stage Misconduct (2016–2019):

- Participated in early discovery and evidence handling.
- Failed to disclose missing warrant attachments.
- Failed to correct uncertified IRS documents.
- Participated in the concealment of the defective 2016 warrant package.
- Allowed the case to proceed despite a three-year pre-indictment delay.
- Failed to disclose exculpatory material.

**Trial-Stage Misconduct (2022):**

- Witnessed the government's decision **not to use the 2016 seized evidence.**
- Knew the seized materials were defective, incomplete, or exculpatory.
- Participated in a trial strategy built on emails, summaries, charts, interpretations, and testimony.
- Knew IRS documents were **not certified until the month of trial.**
- Allowed the government to rely on unauthenticated evidence.
- Failed to correct the record or disclose the defects.
- Failed to intervene when structural errors occurred in voir dire.
- Failed to address Speedy Trial Act violations.

**Selective Plea Treatment:**

Morgan participated in the disclosure and unsealing of Thy Nief Muhammad's plea agreement. Mr. Muhammad received a 15-month sentence after accepting a government plea offer. Despite this, Morgan never offered any plea to Defendants Curl or Jacobs. This disparity reflects arbitrary charging decisions and unequal prosecutorial treatment.

**Why His Trial Presence Matters:**

Because Morgan was physically present during trial:

- He cannot claim ignorance of the defects.
- He had a duty to correct the record.
- He had a duty to ensure evidence was lawful and complete.
- He had a duty to prevent the use of uncertified IRS documents.
- He had a duty to disclose exculpatory material.

His failure to act makes him responsible for trial-level misconduct, not just early-stage misconduct.

## II. IRS–CI

### 6. Veronica Kyriakides — IRS-CI Special Agent (2016–2024)

Kyriakides played a central role in the unconstitutional search, unlawful arrest, and evidence concealment. Her actions include:

- Executing a 2016 search using **void warrants** issued under another defendant's case numbers.
- Withholding seized evidence for **7–8 years**.
- Failing to certify IRS documents until **2022**, the month of trial.
- Notifying Defendant of indictment by email, not lawful service.
- Taking Defendant into custody without a warrant or summons.
- Transferring custody in a courthouse lobby without judicial authorization.
- Returning evidence only after trial, sentencing, and appeal.

Her conduct is central to the structural defects in this case.

## III. DEFENSE / STANDBY / APPELLATE COUNSEL

### 7. Brent E. Newton — Appellate Counsel (2022–2024)

Newton obstructed access to the courts at every level. His actions include:

- Blocking access to the District Court.
- Blocking access to the Fourth Circuit.
- Blocking access to the Supreme Court.
- Failing to raise preserved issues, including:
  - the three-year pre-indictment delay
  - void 2016 warrants
  - uncertified IRS documents
  - the government's failure to use 2016 evidence at trial
  - unlawful arrest and custody transfer
  - Speedy Trial Act violations
- Running out the clock on critical filings.

### 8. Stuart A. Berman — Standby Counsel (2022)

Berman failed to intervene when structural errors occurred in real time. His actions include:

- Failing to challenge void warrants.
- Failing to challenge missing attachments.
- Failing to challenge uncertified IRS documents.
- Failing to challenge withheld evidence.
- Failing to protect a pro se defendant during voir dire.
- Failing to raise Speedy Trial violations.

## 9. Justin Eisele — Standby Counsel for Percy Jacobs (2022)

Eisele failed to act when:

- Mr. Jacobs was arrested without a warrant.
- Custody was transferred in a church parking lot.
- Evidence was withheld for 7–8 years.
- IRS documents were certified only in 2022.
- The government avoided using 2016 evidence at trial.

## 10. Mirriam Seddiq — Standby Counsel for Percy Jacobs (2022)

Seddiq failed to intervene when:

- Structural errors occurred.
- Evidence was withheld.
- Void warrants were revealed.
- Speedy Trial violations were preserved.
- The government relied on uncertified evidence.