## EXHIBIT C

## ACTOR SUMMARY AND ROLES IN THE MISCONDUCT PATTERN
## (2016–2026)

### *United States v. Curl & Jacobs, Case No. 8:19-cr-00444-GJH 1&2*

This exhibit identifies all individuals who played a material role in the investigation, prosecution, trial, sentencing, and appeal of this case, along with a summary of their actions and involvement in the structural violations documented in the Rule 60 motion.

## I. FEDERAL PROSECUTORS (DOJ)

### 1. Jeffrey A. McLellan — Lead Prosecutor (2016–2026)

McLellan directed the prosecution from the unconstitutional 2016 search through trial, sentencing, and post-conviction litigation. His actions include:

- Proceeding on **void 2016 warrants** issued under another defendant's case numbers.
- Concealing missing attachments and the missing probable cause narrative.
- Withholding Defendants' IRS and financial records for **7–8 years**.
- Relying on **uncertified IRS documents** until the month of trial in 2022.
- Opposing Speedy Trial objections despite government-caused delays.
- Proceeding with an indictment issued after a **three-year pre-indictment delay**.
- Relying on emails, summaries, and charts at trial because the **2016 seized evidence was defective, exculpatory, or unusable**.
- Failing to correct known defects in the record.
- Allowing an IRS agent to execute an unlawful arrest and custody transfer.

- Failing to disclose that the seized evidence was returned only after trial, sentencing, and appeal.

**Selective Plea Treatment:**

McLellan participated in the decision to offer a plea to Thy Nief Muhammad—who received a 15-month sentence—while never offering any plea to Curl or Jacobs, despite similar or lesser alleged conduct. This disparity reflects arbitrary and unequal prosecutorial discretion.

## 2. Mac Marshall — Early-Stage Prosecutor (2016–2019)

Marshall participated in early evidence handling and pre-indictment decisions. His actions include:

- Failing to correct missing warrant attachments.
- Failing to ensure IRS documents were certified.
- Participating in the concealment of the defective 2016 warrant package.
- Allowing the case to proceed despite a **three-year pre-indictment delay**.
- Failing to disclose exculpatory material.

## 3. Robert K. Hur — U.S. Attorney Who Signed the Indictment (2019)

Hur approved an indictment based on:

- **void warrants**,
- missing attachments,
- uncertified IRS documents,
- withheld evidence, and
- a three-year pre-indictment delay.

His signature reflects responsibility for ensuring the indictment was supported by lawful evidence and that Brady and Rule 16 obligations were met.

### 4. Abigail Burger Chingos — Early Filings and Discovery (2016–2018)

Chingos participated in early filings and discovery. Her actions include:

- Failing to disclose missing attachments.
- Failing to correct uncertified IRS documents.
- Participating in early evidence concealment.
- Failing to ensure proper evidence handling.

**Selective Plea Treatment:**
Her early-stage involvement shaped the charging posture that resulted in a plea being offered to Thy Nief Muhammad but never to Curl or Jacobs, contributing to unequal and arbitrary plea treatment.

### 5. Gary Michael Morgan Jr. — Early-Stage and Trial-Stage Prosecutor (2016–2022)

Morgan played a significant role both before and during trial.

**Early-Stage Misconduct (2016–2019):**

- Participated in early discovery and evidence handling.
- Failed to disclose missing warrant attachments.
- Failed to correct uncertified IRS documents.
- Participated in the concealment of the defective 2016 warrant package.
- Allowed the case to proceed despite a three-year pre-indictment delay.
- Failed to disclose exculpatory material.

**Trial-Stage Misconduct (2022):**

- Witnessed the government's decision **not to use the 2016 seized evidence** at trial.
- Knew the seized materials were defective, incomplete, or exculpatory.
- Participated in a trial strategy built on emails, summaries, charts, interpretations, and testimony.
- Knew IRS documents were **not certified until the month of trial**.
- Allowed the government to rely on unauthenticated evidence.
- Failed to correct the record or disclose the defects.
- Failed to intervene when structural errors occurred in voir dire.
- Failed to address Speedy Trial Act violations.

**Selective Plea Treatment:**

Morgan participated in the disclosure and unsealing of Thy Nief Muhammad's plea agreement during trial while never offering any plea to Curl or Jacobs. This disparity reflects arbitrary charging decisions and unequal prosecutorial treatment.

## II. IRS–CI

### 6. Veronica Kyriakides — IRS-CI Special Agent (2016–2024)

Kyriakides played a central role in the unconstitutional search, unlawful arrest, and evidence concealment. Her actions include:

- Executing a 2016 search using **void warrants** issued under another defendant's case numbers.
- Withholding seized evidence for **7–8 years**.
- Failing to certify IRS documents until **2022**, the month of trial.

- Notifying Defendant of indictment by email instead of lawful service.
- Taking Defendant into custody without a warrant or summons.
- Transferring custody in a courthouse lobby without judicial authorization.
- Returning evidence only after trial, sentencing, and appeal.

Her conduct is central to the structural defects in this case.

## III. DEFENSE / STANDBY / APPELLATE COUNSEL

### 7. Brent E. Newton — Appellate Counsel (2022–2024)

Newton obstructed access to the courts at every level. His actions include:

- Blocking access to the District Court, Fourth Circuit, and Supreme Court.
- Failing to raise preserved issues, including:
    - the three-year pre-indictment delay
    - void 2016 warrants
    - uncertified IRS documents
    - the government's failure to use 2016 evidence at trial
    - unlawful arrest and custody transfer
    - Speedy Trial Act violations
- Running out the clock on critical filings.

### 8. Stuart A. Berman — Standby Counsel (2022)

Berman failed to intervene when structural errors occurred in real time. His actions include:

- Failing to challenge void warrants.
- Failing to challenge missing attachments.

- Failing to challenge uncertified IRS documents.
- Failing to challenge withheld evidence.
- Failing to protect a pro se defendant during voir dire.
- Failing to raise Speedy Trial violations.

## 9. Justin Eisele — Standby Counsel for Percy Jacobs (2022)

Eisele failed to act when:

- Mr. Jacobs was arrested without a warrant.
- Custody was transferred in a church parking lot.
- Evidence was withheld for 7–8 years.
- IRS documents were certified only in 2022.
- The government avoided using 2016 evidence at trial.

## 10. Mirriam Seddiq — Standby Counsel for Percy Jacobs (2022)

Seddiq failed to intervene when:

- Structural errors occurred.
- Evidence was withheld.
- Void warrants were revealed.
- Speedy Trial violations were preserved.
- The government relied on uncertified evidence.