# IN THE UNITED STATES DISTRICT COURT
## Maryland
## Greenbelt Division

DISTRICT OF MARYLAND**

USDC- GREENBELT
'26 MAR 4 PM3:08

**United States of America**
v.


**Sandra C. Curl**, Defendant

Criminal Case No. 8:19-cr-444
Civil Case No. 26867


# REQUEST FOR JUDICIAL NOTICE OF ONGOING HARM AND RELATED STATE-COURT PROCEEDINGS

Defendant respectfully requests that this Court take judicial notice, under Federal Rule of Evidence 201, of (1) ongoing state-court proceedings in Texas and North Carolina, (2) the foreclosure action currently pending against Defendant's home, and (3) the multi-state timeline of continuing harm that has occurred following the judgment in this case. These facts are drawn from public records, state-court dockets, and official filings, all of which are appropriate subjects for judicial notice.

## I. Legal Basis for Judicial Notice

Federal Rule of Evidence 201 permits judicial notice of facts that are "not subject to reasonable dispute" because they are:

- matters of public record,
- capable of accurate and ready determination, and
- drawn from state-court dockets, filings, and orders.

Courts routinely take judicial notice of foreclosure proceedings, TRO/PI filings, property records, and litigation occurring in other jurisdictions. The facts presented below meet this standard.

## II. Texas Case No. 25-0692-SA (TGRN TRO/PI)

Defendant requests judicial notice of the following public facts:

- The filing of a Temporary Restraining Order and Preliminary Injunction action in Texas, Case No. **25-0692-SA**.
- A documented **seven-year period of operator overlap and royalty underpayment**, which remains ongoing.
- Mineral-rights disputes and financial injury involving Defendant's Texas property interests.
- The Texas court's acceptance of jurisdiction and opening of a live docket.

These facts demonstrate continuing harm and financial instability directly connected to the period following Defendant's federal conviction.

## III. North Carolina Foreclosure Proceedings (South State Bank)

Defendant further requests judicial notice of the foreclosure action pending in North Carolina involving **South State Bank** as servicer and **Substitute Trustee Jeff Rogers of Smith Debnam Law Firm (Mecklenburg County)**, including:

- A foreclosure hearing first scheduled for **October 23, 2025**.
- Subsequent foreclosure hearing dates of **December 15, 2025**, **February 23, 2026**, and **March 25, 2026**.
- Documented **dual-tracking** from **October 23, 2025 to the present**, during which loss-mitigation review and foreclosure activity proceeded simultaneously.
- Submission of **hardship documentation** reflecting financial instability following incarceration and supervised release.
- Multiple **servicing violations**, including improper application of payments, inaccurate notices, and failure to comply with federal servicing standards.
- The ongoing threat of loss of Defendant's primary residence.

These facts are matters of public record and demonstrate continuing, compounding harm that has occurred after sentencing.

## IV. Multi-State Timeline of Continuing Harm

Defendant requests judicial notice of the following timeline, reflected in public records across Maryland, Texas, and North Carolina:

### 1. 2016–2022 (Maryland – Criminal Case and Structural Defects)

Defendant was prosecuted in the District of Maryland during this period. The record reflects structural defects in the criminal proceedings, including jury irregularities, indictment-timeline inconsistencies, and procedural impairments. These events form the basis of the pending Rule 60(d)(3) and § 2255 motions.

**2. July 1, 2024 – September 18, 2025 (Federal Custody and Reentry)**
Defendant served a term of imprisonment beginning **July 1, 2024**, followed by release on
**September 18, 2025**. This period resulted in significant loss of income, financial instability, and
inability to maintain long-term financial obligations, including the mortgage on Defendant's
primary residence.

**3. January 4, 2026 – January 4, 2029 (Supervised Probation)**
Defendant began a new **three-year term of supervised probation** on **January 4, 2026**, which
continues to impose financial, employment, and mobility restrictions that contribute to ongoing
instability and hardship.

**4. 2018–2025 (Texas – Seven Years of Operator Overlap and Underpayment)**
Defendant experienced a **seven-year period of operator overlap and royalty underpayment**,
which remains ongoing. These issues involve misallocated production, incorrect decimal
assignments, and financial injury tied to Texas mineral interests.

**5. 2023–2025 (Texas – TGRN Litigation and TRO/PI Filing)**
The mineral-rights disputes and operator overlap culminated in the filing of a Temporary
Restraining Order and Preliminary Injunction action in Texas, Case No. **25-0692-SA**, which
remains active.

**6. October 23, 2025 – Present (North Carolina – South State Bank Foreclosure)**
A foreclosure action was initiated in North Carolina against Defendant's home, serviced by
**South State Bank**, and handled by **Substitute Trustee Jeff Rogers of Smith Debnam Law
Firm (Mecklenburg County)**. Foreclosure hearings were scheduled on:

- **October 23, 2025**
- **December 15, 2025**
- **February 23, 2026**
- **March 25, 2026**

During this period, **dual-tracking** occurred, with loss-mitigation review and foreclosure activity
proceeding simultaneously from **October 23, 2025 to the present**. Defendant submitted
hardship documentation, and multiple **servicing violations** were documented, including
improper application of payments, inaccurate notices, and failure to comply with federal
servicing standards.

**7. 2025–2026 (Maryland – Post-Judgment Review)**
Defendant filed Rule 60(d)(3) and § 2255 motions in this Court. Civil Case No. **26867** was
opened, and these motions are currently under judicial review.

This timeline reflects a continuous, multi-state pattern of harm directly traceable to the original judgment and is relevant to the Court's evaluation of prejudice, structural impact, and fraud on the court.

## V. Relevance to Rule 60(d)(3) and § 2255

The requested judicially noticed facts are relevant because they demonstrate:

- **Continuing injury** and **downstream harm** resulting from the original judgment.
- A **multi-state pattern of financial and property instability** following Defendant's conviction.
- Evidence supporting Defendant's claims of **structural defects**, **fraud on the court**, and **constitutional prejudice**.
- Real-world consequences that bear directly on the Court's evaluation of whether the judgment resulted in long-term, compounding harm.

These facts do not require the Court to adopt Defendant's legal conclusions, but they do require acknowledgment of the existence of the proceedings and the harm documented therein.

## VI. Requested Relief

Defendant respectfully requests that the Court:

1. Take judicial notice of the Texas TRO/PI case (Case No. 25-0692-SA).
2. Take judicial notice of the North Carolina foreclosure proceedings involving South State Bank and Substitute Trustee Jeff Rogers of Smith Debnam Law Firm.
3. Take judicial notice of the multi-state timeline of continuing harm.
4. Consider these facts in ruling on Defendant's pending Rule 60(d)(3) and § 2255 motions.

Respectfully submitted,

Sandra C. Kenan
**Formally Known As:  Sandra Denise Curl**
**Pro Se Defendant**
**9816 Pollie Little Lane**
**Charlotte, North Carolina 28214**
**(980)346-2481**
sandradcurl@gmail.com

## CERTIFICATE OF SERVICE

I certify that on this ___ day of _____, 2026, I placed a copy of the *Request for Judicial Notice of Ongoing Harm and Related State-Court Proceedings* in the United States Mail, first-class postage prepaid, addressed to the following counsel of record:

**Jefferey A. McLellan**
Assistant United States Attorney
United States Attorney's Office
District of Maryland – Greenbelt Division
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770

**Abigail B. Chingos**
Assistant United States Attorney
United States Attorney's Office
District of Maryland – Greenbelt Division
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770

**Michael T. Morgan, Jr.**
Assistant United States Attorney
United States Attorney's Office
District of Maryland – Greenbelt Division
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770

**Brent E. Newton**
Attorney at Law
19 Treworthy Road
Gaithersburg, MD 20878

**Sandra C. Kenan**
Pro Se Movant
9816 Pollie Little Lane
Charlotte, North Carolina 28214
sandradcurl@gmail.com