**United States District Court**
**District of Maryland (Greenbelt Division)**

United States of America

v.

USDC- GREENBELT
'26 MAR 16 AM11:53

Case No. 8:19-cr-00444-GJH-1 & 2

Sandra Denise Curl and

Percy El Jacobs

# SUPPLEMENTAL MOTION TO VACATE JUDGMENT FOR STRUCTURAL ERROR AND FRAUD ON THE COURT

## I. INTRODUCTION

Defendants Sandra Denise Curl and Percy El Jacobs respectfully submit this Supplemental Motion for Relief under Rule 60(b)(4), Rule 60(b)(6), and Rule 60(d)(3). This supplement is necessary because newly reviewed transcript evidence—already filed on the docket—reveals additional structural defects, constitutional violations, and fraud-on-the-court that were not included in the original Motion 60.

These newly identified defects include:

- IRS admissions that the 1041 returns were **not signed under penalty of perjury**;
- IRS admissions that documents seized in 2016 were **not certified nor used at trial** and the only certified evidence (emails) used was not certified **until 2022**, the month of trial;
- Conflicting IRS testimony regarding chain of custody, document handling, and investigative procedures;

Page **1** of **15**

- A competency defect affecting co-defendant Percy Jacobs that contaminated the entire joint trial.

These defects are **structural**, **jurisdictional**, and **non-waivable**, and independently require vacatur of the judgment.

## II. NEW IRS TRANSCRIPT EVIDENCE (LOCATED IN TRIAL TRANSCRIPTS ON THE DOCKET)

### A. IRS Agents Admitted the 1041 Returns Were Not Signed Under Penalty of Perjury

**Violation:** The government relied on invalid, non-return documents to obtain indictment and conviction.

**Legal Impact:** An unsigned return is *not a return* under federal law and cannot support criminal liability. The indictment is defective and the judgment is void.

**Transcript Evidence (as reflected in the docketed transcripts):**

- IRS Agent Albury testified that the 1041 returns were **not signed** by any taxpayer or preparer.
- Special Agent Kyriakides confirmed the same.
- No PIN, no signature, and no certification existed at the time the IRS used these documents.

**Citation:**

*See Trial Transcript, Day 3 and Day 4, as filed on the docket.*

**B. IRS Documents Seized in 2016 Were Never Certified and Were Never Used at Trial; The Government Used Only Email Evidence, Which Was Not Certified Until 2022.**

**Question: If the evidence were not certified until 2022 what did the government presented the grand jury in order to get an indictment in 2019.**

The government repeatedly represented on the record that **none of the materials seized during the August 2016 IRS search and seizure were used at trial**. The IRS agents confirmed that the 2016-seized documents were **never certified, never authenticated, and never introduced**. The government instead relied exclusively on **emails**, which were obtained through a separate search and seizure process and were certified **only as email evidence** in 2022, the month of trial.

This distinction is critical.

The 2016 physical seizure produced **no certified evidence, no authenticated IRS documents, and no trial exhibits**. The government affirmatively disclaimed reliance on the 2016 seizure and admitted that the trial evidence came solely from **email extractions**, not from the physical documents taken in 2016.

The IRS witnesses further confirmed that the only certifications completed in 2022 were for the **email evidence**, not for any documents seized in 2016. This means:

- The 2016-seized IRS documents were **never certified**.
- The 2016-seized IRS documents were **never authenticated**.
- The 2016-seized IRS documents were **never used at trial**.
- The government relied **only** on email evidence.
- The email evidence was certified **six years later**, in 2022, immediately before trial.

This establishes that the 2016 search and seizure was **legally and evidentiary irrelevant** to the prosecution's case-in-chief, and that the government concealed the fact that the physical evidence was defective, incomplete, or unusable. The government's reliance on late-certified email evidence—rather than the 2016-seized materials—demonstrates that the prosecution knowingly proceeded to trial without authenticated primary evidence and attempted to cure evidentiary defects at the last possible moment.

This constitutes newly discovered evidence, fraud on the court, and a structural due-process violation because the government:

- withheld the fact that the 2016 seizure produced **no usable evidence,**
- failed to disclose that the seized IRS documents were **never certified,**
- relied exclusively on email evidence certified **six years after the search,**
- and misled the court regarding the evidentiary foundation of the indictment and trial.

**Violation:** Chain-of-custody failure; evidentiary fraud; due-process violation.

**Legal Impact:** Documents used to obtain indictment and conviction were unauthenticated for six years, rendering them inadmissible and constitutionally defective.

**Transcript Evidence (as reflected in the docketed transcripts):**

- IRS agents admitted that documents seized in 2016 were **not certified and only used emails certified in 2022** , the same month as trial. Avoiding the defective search and seizure warrants used to get the grand jury indictment in 2019.

**Citation:**

*See Trial Transcript, Day 4 and Day 5, as filed on the docket.*

## C. Supporting Citations and Record References

1. **IRS Agent Testimony – 2016 Seized Documents Not Certified**
   The IRS witness confirmed that the physical documents seized in 2016 were **never certified, never authenticated,** and **never used at trial.**
   *(Transcript: Day 3, p. ___, lines –)*
2. **Government Admission – Trial Evidence Came Only From Emails**
   The government stated on the record that the evidence used at trial came **exclusively from emails,** not from the 2016 physical seizure.
   *(Transcript: Day 3, p. ___, lines –)*
3. **Certification Timing – Email Evidence Certified in 2022**
   The IRS witness confirmed that the only certifications completed in 2022 were for **email**

evidence, not for any documents seized in 2016.

*(Transcript: Day 4 & 5.*

4. **Government's Failure to Authenticate 2016 Seized Materials**

The government did not certify or authenticate any of the 2016-seized IRS documents at any time before or during trial.

*(Transcript: Day 4 & 5.*

5. **Government's Reliance on Late-Certified Email Evidence**

The government relied on email evidence certified **six years after the search**, immediately before trial.

*(Transcript: Day 3-5*

**Violation:** Fraud on the court; evidentiary unreliability; Brady violation.

**Legal Impact:** Conflicting testimony undermines authenticity and admissibility of IRS evidence and demonstrates intentional concealment

## D. Legal Significance of These Citations

This subsection ties the citations to the Rule 60 standard:

- The government's admissions constitute **newly discovered evidence** under Rule 60(b)(2).
- The concealment of the 2016 certification failure constitutes **fraud on the court** under Rule 60(d)(3).
- Proceeding to trial without authenticated primary evidence constitutes a **structural due-process violation**.
- The late certification of email evidence in 2022 demonstrates the government's **knowing use of defective evidentiary foundations**.

**Transcript Evidence (as reflected in the docketed transcripts):**

- Agents contradicted each other regarding:
  - who handled documents,
  - when documents were reviewed,

- ○ whether IRS procedures were followed,
- ○ chain of custody.

**Citation:**

*See Trial Transcript, Days 2–5, as filed on the docket.*

## III. STRUCTURAL ERROR: COMPETENCY DEFECT IN JOINT TRIAL (PERCY JACOBS)

### *(Transcript references located on the docket)*

**Violation:** Trial proceeded without resolving competency concerns.

**Legal Impact:** Competency is a structural requirement. A trial conducted without a competency determination is **void**, not voidable, and not subject to harmless-error review.

**Findings (as reflected in the docketed transcripts):**

- Percy's attorney raised competency concerns before and during trial.
- A doctor performed a brief evaluation, but **no competency hearing was held**.
- The Court made **no judicial competency finding** as required by 18 U.S.C. § 4241.
- Percy's statements and behavior in the transcript show confusion, disorientation, and inability to follow proceedings.

**Citation:**

*See Trial Transcript, Day 1 and Day 2, as filed on the docket.*

**Joint-Trial Impact:**

Because Defendants were tried together, Percy's unresolved competency defect **contaminated the entire proceeding**. A joint trial with one incompetent defendant is structural error requiring vacatur under Rule 60(b)(4) and Rule 60(d)(3).

## IV. FRAUD ON THE COURT BASED ON NEW IRS ADMISSIONS

*(Transcript references located on the docket)*

**Violation:** Government knowingly used invalid, uncertified, unsigned IRS documents.

**Legal Impact:** Fraud on the court voids the judgment automatically and has no time limit.

New transcript evidence shows:

- IRS documents were uncertified for six years.
- 1041 returns were unsigned and legally invalid.
- Agents gave conflicting testimony.
- Certifications were created in 2022 to retroactively "fix" evidentiary defects.
- The government concealed these defects from the Court and the Defendants.

**Citation:**

*See Trial Transcript, Days 3–5, as filed on the docket.*

This conduct prevented the Court from performing its impartial function and constitutes fraud on the court under Rule 60(d)(3).

## V. RELIEF REQUESTED

Defendants respectfully request that the Court:

1. Vacate the judgment as **void** under Rule 60(b)(4);
2. Grant relief for **extraordinary circumstances** under Rule 60(b)(6);
3. Grant relief for **fraud on the court** under Rule 60(d)(3);
4. Dismiss the indictment;
5. Grant any further relief the Court deems just and proper.

## III. STRUCTURAL DEFECTS ESTABLISHED BY THE DOCKET (DEFECTIVE WARRANTS, GRAND JURY, SPEEDY TRIAL, ARRAIGNMENT, RETURNED FILINGS)

In addition to the newly discovered transcript evidence, the docket itself independently establishes multiple structural defects that render the judgment void under Rule 60(b)(4) and demonstrate fraud on the court under Rule 60(d)(3). These defects occurred before, during, and after trial, and each one independently requires vacatur. When viewed together, they demonstrate a complete collapse of the constitutional and procedural framework required for a valid criminal prosecution.

### A. Defective Warrants and Suppression Motions (Docket Nos. 55, 56, 60)

On January 26, 2021, Defendants filed **Doc. 55** (Motion for Full Disclosure and Nunc Pro Tunc) and **Doc. 56** (Motion for Limine Grounds for Dismissal – Defective Warrant), challenging the validity of the 2016 search warrants and demanding the affidavits, attachments, and supporting evidence. Defendants also filed **Doc. 60**, which included a Motion to Suppress and Strike all filings by the United States.

The docket shows that the warrant affidavits and supporting materials were **not filed until 2022**, more than a year after these motions were submitted. Despite the absence of the warrant materials from the record, the Court denied the defective-warrant motion in **Doc. 155** on March 18, 2022, ruling without reviewing the evidence required to rule.

This constitutes a **Fourth Amendment structural defect**, a **Rule 16 violation**, and **fraud on the court**.

### B. Grand Jury Defects and Constructive Fraud (Docket Nos. 66, 67, 68, 69; Denied in Doc. 130)

On April 5, 2021, Defendants filed:

- **Doc. 66** – Motion Demand for Grand Jury Evidence and Transcripts of that Hearing and Jury Qualification
- **Doc. 67** – Motion for Judicial Notice of Constructive Fraud Grounds for Dismissal
- **Doc. 68** – Motion for Limine and Quash All Evidence
- **Doc. 69** – Second Demand for Grand Jury Evidence and Transcripts

These motions demanded:

- all evidence presented to the grand jury
- certified transcripts
- grand-jury qualification records
- foreperson identification
- proof of jurisdiction
- evidence supporting the indictment

The docket shows **no grand-jury transcript, no exhibits, no instructions, no voting record, and no foreperson signature** were ever filed, sealed or unsealed.

Nevertheless, the Court denied all grand-jury-related motions in **Doc. 130** on February 23, 2022, without reviewing any grand-jury materials, holding a hearing, or making factual findings.

This is a **Fifth Amendment structural defect** and supports relief under **Rule 60(b)(4)** (void judgment) and **Rule 60(d)(3)** (fraud on the court).

## C. Speedy Trial Act Violations (Docket Nos. 26, 30, 71, 113, 116, 117)

The government repeatedly filed motions to exclude time under the Speedy Trial Act:

- **Doc. 26** – Motion to Exclude Time (March 31, 2020)

  **Doc. 30** – Motion to Exclude Time (July 23, 2020)

- **Doc. 71** – Order Granting Exclusion (May 25, 2021)
- **Doc. 113** – Motion to Toll Speedy Trial Clock (September 22, 2021)

Defendants objected in:

- **Doc. 40** – Response in Opposition (August 18, 2020)
- **Doc. 116** – Response in Opposition (October 22, 2021)
- **Doc. 117** – Supplemental Objection (October 25, 2021)

The docket shows long periods of delay attributable to the government and the court, not the Defendants. These delays are **not excludable** under 18 U.S.C. § 3161, and the Court's repeated exclusion orders violated both the **statutory** and **constitutional** Speedy Trial rights.

**D. Arraignment Defects and Critical-Stage Violations (Docket Nos. 34, 40, 46)**

On August 12, 2020, the Court held a Faretta hearing (**Doc. 34**) and arraignment on the same day. Defendant Curl immediately objected to the arraignment and the Speedy Trial tolling in **Doc. 40**, and supplemented the objection in **Doc. 46**.

The arraignment occurred:

- without full discovery
- without access to the warrant materials
- while Defendant's filings were being returned
- under objection

Arraignment is a **critical stage**, and defects here are **structural**.

**E. Returned Filings and Procedural Obstruction (Docket Nos. 18, 20, 24, 29, 222, 223, 315, 320, 321)**

The docket reflects an extraordinary number of **Return Pleading Orders** and **Return Document Orders**, including:

- **Doc. 18** (12/3/2019)
- **Doc. 20** (12/16/2019)
- **Doc. 24** (1/3/2020)

- **Doc. 29** (7/13/2020)
- **Docs. 222 & 223** (2/7/2023)
- **Doc. 315** (6/27/2024)
- **Doc. 320** (7/16/2024)
- **Doc. 321** (7/30/2024)

These orders prevented Defendants' filings from being docketed, preserved, or reviewed, obstructing access to the court and preventing preservation of constitutional issues.

This is a **structural due-process violation**.

## F. Late Discovery and Withheld Evidence (Docket No. 136)

The government filed its first meaningful discovery notice on **March 2, 2022 (Doc. 136)**, years after indictment and only weeks before trial.

The docket confirms:

- 2016 seized materials were never used at trial
- IRS documents were not certified until 2022
- warrant affidavits were not filed until 2022

This is a **Brady violation, Rule 16 violation**, and **due-process violation**.

## G. Chronological Timeline of Structural Defects (Docket-Anchored)

### 2016

- IRS/agents seize materials — never used at trial.

### 2019

- **Doc. 1** – Indictment returned (9/25/2019).
- No warrant affidavits or certified IRS documents existed.

**2019–2020**

- Multiple filings returned (**Docs. 18, 20, 24, 29**).
- Defendant deprived of access to the court.

**2020**

- **Doc. 34** – Faretta hearing and arraignment (8/12/2020).
- Defendant objects (**Doc. 40, Doc. 46**).

**2021**

- **Doc. 55** – Motion for Full Disclosure (1/26/2021).
- **Doc. 56** – Defective Warrant Motion (1/26/2021).
- **Doc. 60** – Motion to Suppress and Strike.
- **Docs. 66–69** – Grand Jury Motions (4/5/2021).
- Government opposes (**Doc. 91**).
- Defendant replies (**Doc. 92**).

**2022**

- **Doc. 130** – Court denies all grand-jury motions (2/23/2022).
- **Doc. 136** – Government files discovery for the first time (3/2/2022).
- **Doc. 155** – Court denies defective-warrant motion (3/18/2022).
- Trial begins (3/21/2022).

**2023–2024**

- Continued returned filings (**Docs. 222, 223, 315, 320, 321**).
- Structural defects persist through sentencing and appeal.

## VI. CONCLUSION

The transcript evidence already on the docket confirms additional structural defects, constitutional violations, and fraud-on-the-court that were not included in the original Motion 60. These defects independently require vacatur of the judgment.

Defendants respectfully request that the Court consider this Supplemental Motion together with the original Motion 60 and the full record already before the Court.

Respectfully,

Sandra C. Kenan
Formally known as Sandra Denise Curl
9816 Pollie Little Lane
Charlotte, North Carolina 28214
sandradcurl@gmail.com

Percy El. Jacobs
1650 Dares Beach Road
Prince Frederick, Maryland 20678
202-706-9551
Percy.eljacobs@gmail.com

## CERTIFICATE OF SERVICE

I certify that on **March __/6__, 2026**, I placed in the United States Mail, first-class postage prepaid, a true and correct copy of the following documents:

- **Supplement to Rule 60 Motion**
- **Proposed Order**
- **Certificate of Service**

Service was made upon the following parties as required by Federal Rule of Civil Procedure 5 and the Local Rules of the United States District Court for the District of Maryland:

- **United States Attorney's Office for the District of Maryland**
  36 S. Charles Street, 4th Floor
  Baltimore, MD 21201
- **Attorney General of the United States**
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530
- **[Government Counsel of Record]**
  [Name]
  [Office / Address]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March __/6__, 2026.

Sandra C. Kenan
Formally known as Sandra Denise Curl
9816 Pollie Little Lane
Charlotte, North Carolina 28214
sandradcurl@gmail.com

Percy El. Jacobs
1650 Dares Beach Road
Prince Frederick, Maryland 20678
202-706-9551
Percy.eljacobs@gmail.com