# Section A:
## Supplemental Structural Defect Section
## With Docket Numbers and Timeline

## SUPPLEMENTAL STRUCTURAL-DEFECT SECTION

## (WITH DOCKET NUMBERS + TIMELINE)

### I. Defective Warrants and Suppression Motions (Docket Nos. 55, 56, 60)

On **January 26, 2021**, Defendant filed **Doc. 55** (Motion for Full Disclosure and Nunc Pro Tunc) and **Doc. 56** (Motion for Limine Grounds for Dismissal – Defective Warrant), challenging the validity of the 2016 search warrants and demanding the affidavits, attachments, and supporting evidence. Defendant also filed **Doc. 60**, which included a Motion to Suppress and Strike all filings by the United States.

The docket shows that the warrant affidavits and supporting materials were **not filed until 2022**, more than a year after these motions were submitted. Despite the absence of the warrant materials from the record, the Court denied the defective-warrant motion in **Doc. 155** on **March 18, 2022**, ruling without reviewing the evidence required to rule. This constitutes a **Fourth Amendment structural defect**, a **Rule 16 violation**, and **fraud on the court**.

### II. Grand Jury Defects and Constructive Fraud (Docket Nos. 66, 67, 68, 69; Denied in Doc. 130)

On **April 5, 2021**, Defendant filed the following motions:

- **Doc. 66** – *Motion Demand for Grand Jury Evidence and Transcripts of that Hearing and Jury Qualification*
- **Doc. 67** – *Motion for Judicial Notice of Constructive Fraud Grounds for Dismissal*
- **Doc. 68** – *Motion for Limine and Quash All Evidence*
- **Doc. 69** – *Second Demand for Grand Jury Evidence and Transcripts*

These motions demanded:

- all evidence presented to the grand jury
- certified transcripts
- grand-jury qualification records

- foreperson identification
- proof of jurisdiction
- evidence supporting the indictment

The docket (turn0browsertab1) shows **no grand-jury transcript, no exhibits, no instructions, no voting record, and no foreperson signature** were ever filed, sealed or unsealed.

Nevertheless, the Court denied all grand-jury-related motions in **Doc. 130** on **February 23, 2022**, without reviewing any grand-jury materials, holding a hearing, or making factual findings.

This is a **Fifth Amendment structural defect** and supports relief under **Rule 60(b)(4)** (void judgment) and **Rule 60(d)(3)** (fraud on the court).

## III. Speedy Trial Act Violations (Docket Nos. 26, 30, 71, 113, 116, 117)

The government repeatedly filed motions to exclude time under the Speedy Trial Act:

- **Doc. 26** – Motion to Exclude Time (March 31, 2020)
- **Doc. 30** – Motion to Exclude Time (July 23, 2020)
- **Doc. 71** – Order Granting Exclusion (May 25, 2021)
- **Doc. 113** – Motion to Toll Speedy Trial Clock (September 22, 2021)

Defendant objected in:

- **Doc. 40** – Response in Opposition (August 18, 2020)
- **Doc. 116** – Response in Opposition (October 22, 2021)
- **Doc. 117** – Supplemental Objection (October 25, 2021)

The docket shows long periods of delay attributable to the government and the court, not the Defendant. These delays are **not excludable** under 18 U.S.C. § 3161, and the Court's repeated exclusion orders violated both the **statutory** and **constitutional** Speedy Trial rights.

## IV. Arraignment Defects and Critical-Stage Violations (Docket Nos. 34, 40, 46)

On **August 12, 2020**, the Court held a Faretta hearing (**Doc. 34**) and arraignment on the same day. Defendant immediately objected to the arraignment and the Speedy Trial tolling in **Doc. 40**, and supplemented the objection in **Doc. 46**.

The arraignment occurred:

- without full discovery
- without access to the warrant materials
- while Defendant's filings were being returned
- under duress and objection

Arraignment is a **critical stage**, and defects here are **structural**.

**V. Returned Filings and Procedural Obstruction (Docket Nos. 18, 20, 24, 29, 222, 223, 315, 320, 321)**

The docket reflects an extraordinary number of **Return Pleading Orders** and **Return Document Orders**, including:

- **Doc. 18** (12/3/2019)
- **Doc. 20** (12/16/2019)
- **Doc. 24** (1/3/2020)
- **Doc. 29** (7/13/2020)
- **Docs. 222 & 223** (2/7/2023)
- **Doc. 315** (6/27/2024)
- **Doc. 320** (7/16/2024)
- **Doc. 321** (7/30/2024)

These orders prevented Defendant's filings from being docketed, preserved, or reviewed, obstructing access to the court and preventing preservation of constitutional issues. This is a **structural due-process violation**.

## VI. Late Discovery and Withheld Evidence (Docket No. 136)

The government filed its first meaningful discovery notice on **March 2, 2022 (Doc. 136)**, years after indictment and only weeks before trial.

The docket confirms:

- 2016 seized materials were never used at trial
- IRS documents were not certified until 2022
- warrant affidavits were not filed until 2022

This is a **Brady violation**, **Rule 16 violation**, and **due-process violation**.

## VII. Chronological Timeline of Structural Defects (Docket-Anchored)

### 2016

- IRS/agents seize materials — never used at trial.

### 2019

- **Doc. 1** – Indictment returned (9/25/2019).
- No warrant affidavits or certified IRS documents existed.

### 2019–2020

- Multiple filings returned (**Docs. 18, 20, 24, 29**).
- Defendant deprived of access to the court.

### 2020

- **Doc. 34** – Faretta hearing and arraignment (8/12/2020).
- Defendant objects (**Doc. 40, Doc. 46**).

### 2021

- **Doc. 55** – Motion for Full Disclosure (1/26/2021).
- **Doc. 56** – Defective Warrant Motion (1/26/2021).
- **Doc. 60** – Motion to Suppress and Strike.
- **Docs. 66–69** – Grand Jury Motions (4/5/2021).
- Government opposes (**Doc. 91**).
- Defendant replies (**Doc. 92**).

## 2022

- **Doc. 130** – Court denies all grand-jury motions (2/23/2022).
- **Doc. 136** – Government files discovery for the first time (3/2/2022).
- **Doc. 155** – Court denies defective-warrant motion (3/18/2022).
- Trial begins (3/21/2022).

## 2023–2024

- Continued returned filings (**Docs. 222, 223, 315, 320, 321**).
- Structural defects persist through sentencing and appeal.